# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ditech Financial, LLC fka Green Tree Servicing, LLC; Federal National Mortgage Association, a government-sponsored enterprise, | Case No.: 2:16-cv-02758-JAD-CWH |
| Plaintiffs | |
| v. | **Order Granting Motions to Dismiss Intervenor Complaint** |
| Starfire Condominium Owners' Association; Change Your Life, LLC; and Alessi & Koenig, LLC, | [ECF Nos. 28, 33] |
| Defendants | |

This is one of hundreds of cases in this district challenging the effect of a non-judicial foreclosure sale by a homeowners' association on the lender's deed of trust that secured the mortgage at the time of the sale. Ditech Financial, LLC and the Federal National Mortgage Association (Fannie Mae) sue for a declaration that their security interest in Nakia Woodson's condominium home wasn't wiped out by the Starfire Condominium Owners' Association's (HOA's) 2012 foreclosure sale. Woodson is not a defendant to their claims, but she intervened in this case and her complaint contains a myriad of claims and theories against all of the parties. Ditech, Fannie Mae, and the HOA move to dismiss all of Woodson's claims. Because I find that they either are time barred or fail to state a plausible claim, I grant both motions and dismiss her intervenor complaint in its entirety.

**Background**

Nakia Woodson purchased this home at 8725 W. Flamingo Road, Unit 133, in Las Vegas, Nevada, new in 2000. When she refinanced it with Bank of America in 2003, she executed a deed of trust securing the $92,000 promissory note.[1] Woodson lost possession of the home in 2009 or 2010 when she defaulted on a personal loan from Reuel Williams that she secured with her interest in the home, but she got it back in December 2010.[2] She alleges that during that 2009–10 time frame when the house was no longer hers, mortgage payments weren't being made, and HOA fees and fines owed on it were piling up.[3] The HOA, through its agent Alessi & Koenig (A&K),[4] ultimately conducted a non-judicial foreclosure sale of the property to enforce its lien rights granted by Chapter 116 of the Nevada Revised Statutes. It appears that the HOA bought the property itself with a credit bid, and the sale recorded on April 5, 2012.[5] Though Woodson challenged the HOA's assessments and the foreclosure sale by suing the HOA and A&K in state court,[6]

---

[1] ECF No. 1 at 3.

[2] ECF No. 26 at 4.

[3] *Id*. at 4–5.

[4] The claims against A& K are subject to an automatic bankruptcy stay. *See* ECF No. 19.

[5] *Id*. at 5.

[6] ECF No. 33-1. I take judicial notice of this state-court filing. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice "of court filings and other matters of public record").

Woodson lost on summary judgment.[7]  In 2016, the HOA sold the property to Change Your Life, LLC (CYL).[8]

The promissory note and deed of trust went through several transfers, too.  Fannie Mae acquired them from Bank of America in or about November 2003, and the bank stayed on as the loan servicer.[9]  The right to service the loan was ultimately transferred to Ditech (fka Green Tree Servicing, LLC) along with an assignment of the deed of trust in 2015.[10]  In December 2016, Ditech and Fannie Mae filed this action against the HOA, CYL, and A&K, asserting claims for quiet title, a violation of NRS 116.1113, and wrongful foreclosure, primarily seeking a declaration that the HOA's 2012 foreclosure sale did not extinguish the deed of trust.[11]  They did not name Woodson as a defendant.

Woodson successfully moved to intervene.[12]  In her complaint in intervention, she sues all parties in this case under a wide array of claims:

| 1 | Fair Debt Collection Practices Act (FDCPA) violation | Ditech and Fannie Mae |
|---|---|---|
| 2 & 3 | Quiet Title | All parties |
| 4 | Slander of Title | Starfire, CYL, A&K |
| 5 | Conversion | All parties |

---

[7] ECF No. 33-2.  I also take judicial notice of this state-court filing.  *See supra* note 6.

[8] ECF No. 1 at 5.

[9] *Id*.

[10] *Id*. at 6.

[11] *Id*.

[12] ECF No. 25.

3

| 6 | Unjust Enrichment | All parties |
|---|---|---|
| 7 | Wrongful Foreclosure | All parties |

All are premised on the theory that, when Woodson lost possession or title to her home from 2009–10 and again (permanently) in 2012, somebody else should have been making her mortgage payments and paying her for the use of that property.[13]

Ditech and Fannie Mae move to dismiss the claims against them. They argue that they do not qualify as debt collectors subject to suit under the FDCPA and that Woodson has not alleged any conduct that would fall under the FDCPA. They also contend that she has pled no facts to support the wrongful-foreclosure, unjust-enrichment, or conversion claims against them, and that her quiet-title claim fails as a matter of law because she cannot prove good title in herself.[14] The HOA contends that Woodson's claims are time barred because they arise out of facts that occurred in or before April 2012, and she didn't file this complaint until November 2017.[15] Regardless, it adds, these claims are barred by the doctrine of claim preclusion because they were raised or could

---

[13] *See generally* ECF No. 26. She also pleads "claims" for injunctive relief and punitive damages, but these are more properly characterized as remedies for other substantive claims; they are not themselves independent causes of action. I thus dismiss these "claims" because they are not, in fact, claims.

[14] ECF No. 28.

[15] ECF No. 33.

have been raised in Woodson's 2011 state-court action, and they are also barred by her

failure to first mediate them as NRS 38.310 requires. Woodson opposes both motions.[16]

## Discussion

District courts employ a two-step approach when evaluating a complaint's

sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all

well-pled factual allegations in the complaint, recognizing that legal conclusions are not

entitled to the assumption of truth.[17] Mere recitals of a claim's elements, supported by

only conclusory statements, are insufficient.[18] The court must then consider whether the

well-pled factual allegations state a plausible claim for relief.[19] A claim is facially

plausible when the complaint alleges facts that allow the court to draw a reasonable

inference that the defendant is liable for the alleged misconduct.[20] A complaint that does

not permit the court to infer more than the mere possibility of misconduct has "alleged—

but not shown—that the pleader is entitled to relief," and it must be dismissed.[21] The

court can dismiss a claim as time barred "if the running of the statute is apparent on the

face of the complaint."[22]

---

[16] ECF Nos. 29, 34. I find both motions capable of disposition without oral argument. L.R. 78-1.

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[18] *Id.*

[19] *Id.* at 679.

[20] *Id.*

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[22] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

**A.      Woodson has not pled facts to support an FDCPA claim.**

Woodson's first cause of action alleges that Ditech and Fannie Mae acted as debt collectors and violated the FDCPA with their "monthly notices and phone calls" attempting "to collect a debt from" her when they knew she "was not responsible for the debt."[23]  Fannie Mae, as creditor, and Ditech as its loan servicer, contend that they do not qualify as debt collectors under the statute and, even if they could, Woodson has not pled facts to support any FDCPA violation theory.

Woodson alleges that "Ditech and Fannie Mae were the lenders/creditors or the successors in interest to the original lenders/creditors on the mortgage loan, and purportedly acted with the authority to offer and extend credit or financing to" her.[24]  For this reason, she contends, they qualify as "'creditors,' as defined by § 1692a(4)" of the FDCPA.[25]  But the Ninth Circuit recognized in *Rowe v. Educational Credit Management Corporation* that "a 'creditor' is not a 'debt collector' under the FDCPA."[26]  And, in her opposition, Woodson argues only that Ditech qualifies as a debt collector.  I take Woodson's silence about Fannie Mae's status as tacit acknowledgement that she cannot establish that this "lender[]/creditor[]," as she characterizes it, is not subject to the FDCPA, and I dismiss this claim against Fannie Mae with prejudice.

---

[23] ECF No. 26 at 7–9.

[24] ECF No. 26 at ¶¶ 40–41.

[25] *Id*. at ¶ 40.

[26] *Rowe v. Educational Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009).

1    I recognize that at least one judge in this district has held that a mortgage servicer

2 can qualify as a debt collector under the FDCPA, depending on when the debt went into

3 default.[27]  But the Ninth Circuit has since largely concluded otherwise.[28]  Regardless, I

4 need not and do not decide whether Ditech can so qualify in this case because there is

5 another fundamental problem with Woodson's FDCPA claim: she pleads no facts to

6 show a violation of the Act.  Woodson's theory is that Ditech acted unlawfully by

7 continuing to attempt to collect mortgage payments from her after she lost the property to

8 Williams in 2009.[29]  But she has alleged no facts that would suggest that this event

9 relieved her of her legal obligation for the mortgage.  Nor does she reference any

10 provision of the FDCPA that Ditech violated.  Woodson thus has not alleged a plausible

11 FDCPA violation, and I grant Ditech's motion to dismiss this claim for that reason.

12      The dismissal of this claim against Ditech is without prejudice.  But because

13 Woodson has not asked for leave to amend it, and I cannot see how, on the facts and

14 circumstances that she has alleged, she could state a plausible FDCPA claim at this point

15 (particularly one that would be timely[30]), I do not grant leave to amend.  If Woodson

16 believes that she can amend her complaint to state a timely and plausible FDCPA-

17

18 ─────────────────────
[27] *See* ECF No. 29 at 5 (citing *Ordonez v. Green Tree Servicing LLC*, 2:14-cv-01284-
19 RCJ-CWH, 2016 WL 3658684, *4 (July 8, 2016)).

[28] *See Dowers v. Nationstar Mortgage*, 852 F.3d 964,  (9th Cir. 2017).
20 [29] ECF No. 26 at 8–9.

21 [30] FDCPA claims are subject to a one-year statute of limitations period.  *See* 15 U.S.C.
    §1692k(d).  The conduct that Woodson bases her FDCPA claim on occurred in 2009–
22 2010, eight to nine years before she filed her complaint.  *See* ECF No. 26 at 8–9.

23                                                          7

1 violation theory against Ditech, she will need to file a motion for leave to amend that

2 complies with Local Rule 15-1.

3 **B.** **Woodson's slander-of-title claim is time barred or inadequately pled.**

4     Woodson bases her slander-of-title claim in her fourth cause of action on two legal

5 theories: (1) the HOA's 2012 foreclosure sale "constituted a slander on title, as [it] did

6 not have the authority or legal ability to transfer the Property to itself or to make any

7 claims to title," and (2) "CYL did not have authority or legal ability to purchase the

8 Property" or "record any deed on the Property," so "CYL's actions similarly constitute an

9 improper slander on title."[31] The factual premise of these claims is that the HOA charged

10 "condo fees, assessments, and costs" that Woodson challenged unsuccessfully in state

11 court in 2012 and that the HOA did not make mortgage payments on the property. She

12 also baldly alleges that the HOA "does not appear to have provided notice to all the

13 necessary parties pursuant to the super-priority statutes."[32] Thus, both the foreclosure

14 sale and the transfer to CYL were invalid, Woodson alleges, because the HOA "appears

15 to have had no right to sell the Property since it did not satisfy the mortgage or obtain title

16 outright."

17     The bulk of this claim is based on the April 2012 foreclosure sale and the fees and

18 assessments that led up to it. To the extent that this claim is based on the HOA's failure

19 to provide statutorily required notice for the foreclosure sale, it would be governed by

20

---

21 [31] ECF No. 26 at 11–12.

22 [32] *Id*. at 5.

23                8

NRS 11.190(3)(a)'s three-year limitation. Otherwise, the two-year deadline in NRS 11.090(4)(c) applies.[33] Because Woodson waited five years and seven months after the foreclosure sale to file this complaint, the portion of this claim grounded in the foreclosure sale and the events leading up to it is barred as a matter of law, and I thus dismiss it.

But a small portion of Woodson's slander-of-title claim is based on the HOA's 2016 transfer of the property to CY. Though this theory is not time-barred, it is not based on any facts that would support a slander-of-title claim. "Slander of title involves false and malicious communications disparaging to one's title in land and causing special damage."[34] Because such a claim sounds in fraud, the heightened pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure applies.[35]

Woodson has alleged no facts that suggest malice by any party, nor has she stated a factual basis from which I can infer that representations in the deed transferring the property to CYL were false. She has offered only the conclusory allegation that it "appears" that the HOA "had no right to sell the Property since it did not satisfy the mortgage or obtain title outright."[36] She has not pled any facts that would tend to show that the HOA had any legal obligation to pay her mortgage, nor has she offered facts

---

[33] Nev. Rev. Stat. § 11.190(4)(c) (establishing a two-year statute of limitations for actions "for libel, slander, assault, battery, false imprisonment or seduction").

[34] *Higgins v. Higgens*, 744 P.2d 530, 531 (Nev. 1987) (internal citations omitted).

[35] *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003).

[36] ECF No. 26 at 5.

9

demonstrating that the HOA's foreclosure was legally ineffective.[37]  Accordingly, I

dismiss the remainder of Woodson's slander-of-title claim because it fails to state a

plausible claim for relief.  Because Woodson has not asked for leave to amend, and it

appears that amendment of this claim would be futile, I dismiss this claim without

prejudice and without leave to amend.

**C.      Woodson has failed to state a conversion or unjust-enrichment claim.**

Woodson's claims for conversion and unjust enrichment must be dismissed under

FRCP 12(b)(6) because she has not pled any facts to support them either.  In Nevada,

conversion is "a distinct act of dominion wrongfully exerted over another's personal

property in denial of, or inconsistent with [her] title or rights therein or in derogation,

exclusion, or defiance of such title or rights."[38]  Woodson pleads her conversion claim

against all parties and theorizes that they "transferred the Property to themselves in a

series of transfers from 2012–2016, which transfers were in direct contravention to [her]

rights and entitlements."[39]  But Nevada law recognizes a claim for conversion only for

personal property, not real property.[40]  And even if Woodson could state a conversion

---

[37] This theory is likely barred by the doctrine of claim preclusion because, as Woodson acknowledges in her complaint, she unsuccessfully litigated the validity of the HOA's 2012 foreclosure in state court.  *See* ECF No. 26 at ¶ 22.

[38] *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 542 (Nev. 2008) (quoting *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000)).

[39] ECF No. 26 at 12–13.

[40] *See Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958); *see also* Restatement (Second) of Torts § 222A (Am. Law Inst. 1965) (noting that "[c]onversion is an intentional exercise of dominion or control over a chattel," and explaining that conversion "is descended from the old common law action of trover," which was a "remedy against the

claim for the loss of real property, she has pled nothing but conclusory statements to support this one. So I dismiss this claim under FRCP 12(b)(6).[41]

I do the same with Woodson's unjust-enrichment claim. She offers the blanket allegation that "Defendants have received and accepted the benefit of [her] Property, and yet have failed to pay her any remuneration for their time in possession, control, or dominion over" it.[42] She alleges that she "should recover the maximum damages against Respondents for the uncompensated use of her Property from 2012 through the present."[43]

"Unjust enrichment occurs" when "a person has and retains a benefit [that,] in equity and good conscience[,] belongs to another.'"[44] Woodson has alleged no facts to show that Ditech or Fannie Mae were unjustly enriched by benefit she conferred; indeed, her allegations paint the picture that they merely hold and service the promissory note that she long ago stopped making mortgage payments on. So Woodson clearly has not stated an unjust-enrichment claim against Fannie Mae and Ditech, and this claim must be dismissed against them.

---

finder of lost goods who refused to return them to the owner"); *M.C. Multi-Family Dev.*, 193 P.3d at 538 (adopting the Restatement (Second) of Torts definition of conversion).

[41] It also appears that much, if not all, of this claim would be barred by Nevada's three-year statute of limitations on it. *See* Nev. Rev. Stat. § 11.190(3)(c); *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998).

[42] ECF No. 26 at ¶ 82.

[43] *Id*. at ¶ 85.

[44] *Leasepartners Corp. v. Robert L. Brooks Tr.*, 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)).

11

Her allegations also fall short of stating this claim against any other party. They show that she stopped paying her HOA fees and assessments sometime around 2009, so the HOA conducted a non-judicial foreclosure sale of her home in 2012 after she unsuccessfully tried to stop it with state-court litigation. There is simply no fact in this intervenor complaint from which I can infer that Woodson caused anyone to become unjustly enriched. So I dismiss this claim in its entirely, too. And because it appears at this point that granting leave for Woodson to amend either of these claims would result in more frivolous claims, I dismiss these claims without leave to amend.

**D.    Woodson's remaining intervenor claims are time barred.**

Each of Woodson's remaining claims must be dismissed because they were filed well after the applicable statutes of limitations expired. Her second and third claims for relief allege that she is the rightful owner of the property and that the HOA had no right to foreclose on it or sell it to CYL.[45] Nevada's longest statute of limitations for quiet-title claims is the five-year deadline in NRS 11.080, triggered by the date of the HOA foreclosure sale. Because that sale occurred in April 2012, Woodson had at most[46] until April 2017 to file her quiet-title claims. She missed that deadline by seven months.

---

[45] ECF No. 26 at 9–11. The statute would not run from the transfer to CYL because it was the foreclosure sale, not the subsequent transfer to CYL, that divested Woodson of her interest in the property.

[46] If I evaluate not the titles of Woodson's quiet-title claims, but their substance, they are better characterized as wrongful-foreclosure claims, which are governed by a three-year statute of limitations and would have gone stale nearly three years before she filed them. *See* Nev. Rev. Stat. § 11.190(3)(a).

Woodson's seventh claim for wrongful foreclosure suffers the same fate. Wrongful-foreclosure claims in Nevada are subject to a three-year statute of limitations.[47] Because the foreclosure sale here occurred more than five years before Woodson filed this complaint, her wrongful-foreclosure claim must be dismissed as untimely, too. So I dismiss Woodson's second, third, and seventh claims for relief with prejudice as time barred.[48]

## Conclusion

IT IS THEREFORE ORDERED that the intervenor defendants' motions to dismiss **[ECF Nos. 28, 33] are GRANTED. Nakia Woodson's intervenor complaint [ECF No. 26] is DISMISSED** in its entirety.

Dated: September 17, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[47] *See supra* note 32.

[48] Because I dismiss Woodson's claims as time barred and for failure to state a claim, I need not, and do not, reach the remaining dismissal arguments.